UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Brandon Alford,

        Petitioner,                 Case No. 22-cv-2525 (JRT/LIB)

v.                             **REPORT AND RECOMMENDATION**

Jared Rardin,

        Respondent.

       This matter comes before the undersigned United States Magistrate Judge, pursuant to a general referral in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1, upon Petitioner Brandon Alford's Petition for a Writ of Habeas Corpus. [Docket No. 1]. Finding no hearing necessary, the Court issues the present Report and Recommendation.

       For the reasons discussed herein, the Court recommends that the Petition for Writ of Habeas Corpus, [Docket No. 1], be **DENIED without prejudice as moot**.

**I.      Background**

       On December 4, 2012, Petitioner pleaded guilty in the Central District of Illinois to one count of conspiracy to manufacture methamphetamine. USA v. Alford, 1:12-cr-10071 (MMM/JEH) (6), Plea Hearing Minutes (D. Ill. Dec. 4, 2012). On June 17, 2013, Petitioner was sentenced to a 97-month term of imprisonment to be followed by a four-year term of supervised release. USA v. Alford, 1:12-cr-10071 (MMM/JEH) (6), Sentencing Judgment (D. Ill. June 17, 2013).

       On December 22, 2017, Petitioner was released from his original term of imprisonment. (Decl. of Teters [Docket No. 15] ¶ 5). Upon his release from imprisonment, Petitioner began his term of supervised release. (See Id.).

On September 4, 2019, Petitioner's sentencing Court determined that Petitioner had violated the terms of his supervised release, and Petitioner's supervised release was revoked. USA v. Alford, 1:12-cr-10071 (MMM/JEH) (6), Revocation Judgment [Docket No. 244] (D. Ill. Sept. 4, 2019). Thereafter, Petitioner was ordered returned to the custody of the Bureau of Prisons for a term of fourteen months to be followed by a two-year term of supervised release. See Id. Petitioner was released from this term of imprisonment on August 31, 2020, at which time he began his new two-year term of supervised release. (Decl. of Teters [Docket No. 115] ¶ 5).

On November 30, 2021, Petitioner was arrested and detained by Illinois state law enforcement officers upon suspicion that he had violated various Illinois state laws. (Decl. of Teters [Docket No. 15] ¶ 6; Ex. F [Docket No. 15-6]). Petitioner was released from state custody on bond on December 6, 2021. (Decl. of Teters [Docket No. 15] ¶ 6; Mason County Sheriff's Office Jail Booking Table [Docket No. 15-7]).

On January 31, 2022, Petitioner was taken into custody by the United States Marshals Service pursuant to an arrest warrant that had been issued in the United States District Court for the Central District of Illinois for violating the terms of his supervised release. (Decl. of Teters [Docket No. 15] ¶ 7; Mason County Sheriff's Office Jail Booking Table [Docket No. 15-7]). Following his arrest, Petitioner was ordered detained pending further proceedings. USA v. Alford, 1:12-cr-10071 (MMM/JEH) (6), Detention Order [Docket No. 268] (D. Ill. Feb. 1, 2022).

On March 30, 2022, after he admitted to violating the terms of his supervised release, Petitioner was sentenced to a 16-month term of imprisonment. USA v. Alford, 1:12-cr-10071 (MMM/JEH) (6), Revocation Judgment [Docket No. 274] (D. Ill. March 31, 2022). No new term of supervised release was imposed. See Id.

On March 31, 2022, Petitioner pleaded guilty to possession of drug paraphernalia in the Circuit Court of the Eighth Judicial Circuit, in Mason County, Illinois. (Judgment Order and

Sentence [Docket No. 15-12]). In the Illinois State Court, Petitioner was sentenced to a 180-day term of imprisonment, although he received credit for 90 days served. Id.

Petitioner initiated the present action on October 11, 2022, by filing this Petition. [Docket No. 1]. At the time he initiated this action, Petitioner was serving his term of imprisonment at the Federal Medical Center in Rochester, Minnesota. (See Petition [Docket No. 1]). However, on April 7, 2023, Petitioner was released from the custody of the Bureau of Prisons. See https://www.bop.gov/inmateloc (searching Petitioner's inmate number 18170-026) (last visited June 28, 2023).[1]

## II. Discussion

Through the present action, Petitioner challenges the Bureau of Prisons' ("BOP") sentence computation. (See Petition [Docket No. 1]). Specifically, Petitioner argues that the BOP failed to properly calculate his sentence by failing to award him credit for the time he spent detained prior to his March 30, 2022, sentencing in federal court, i.e., the period of time from January 31, 2022, to March 29, 2022. (Id.).[2] As relief, Petitioner seeks an Order of this Court requiring the Bureau of

---

[1] The Court may take proper judicial notice of public documents such as the Bureau of Prisons' Federal Inmate Locator. See Kratville v. Warden of Fed. Prison Camp-Duluth, Minnesota, No. 17-cv-5209 (MJD/TNL), 2018 WL 6182593, at *1 (D. Minn. Aug. 31, 2018), report and recommendation adopted, 2018 WL 6179512 (D. Minn. Nov. 27, 2018); Beck v. Samuels, No. 15-cv-2635 (WMW/SER), 2016 WL 4004573, at *2 (D. Minn. June 28, 2016), report and recommendation adopted, 2016 WL 4005658 (D. Minn. July 25, 2016); Skrzypek v. Roal, No. 11-cv-933 (ADM/SER), 2011 WL 5833661, at *2 n.3 (D. Minn. Oct. 12, 2011), report and recommendation adopted, 2011 WL 5593146 (D. Minn. Nov. 17, 2011); Ly v. Fisher, No. 10-cv-2946 (MJD/SER), 2011 WL 2373449, at *1 n.3 (D. Minn. May 11, 2011), report and recommendation adopted, 2011 WL 2373151 (D. Minn. June 10, 2011). Information obtained from the BOP's Federal Inmate Locator website is a sufficient basis for the Court to take judicial notice of a petitioner having been released from the custody of the BOP without the need for the Court to first seek confirmation from the BOP of a petitioner's release. See Newton v. Barnes, No. 19-cv-1037 (ECT/ECW), 2019 WL 2743712, at *1 (D. Minn. July 1, 2019); Albarez v. Marques, No. 18-cv-3128 (PJS/LIB), 2019 WL 2648032, at *2 (D. Minn. June 4, 2019), report and recommendation adopted, 2019 WL 2644257 (D. Minn. June 27, 2019); Jackson v. Marques, No. 18-cv-2679 (MJD/LIB), 2019 WL 2375384, at *2 (D. Minn. Apr. 23, 2019), report and recommendation adopted, 2019 WL 2369895 (D. Minn. June 5, 2019); Hogan v. Watson, No. 16-cv-3044 (SRN/LIB), 2017 WL 2964830, at *2 (D. Minn. June 19, 2017), report and recommendation adopted, 2017 WL 2954373 (D. Minn. July 10, 2017); Jefferson v. Jett, No. 15-cv-3308 (PJS/BRT), 2016 WL 4196824, at *1 (D. Minn. July 1, 2016), report and recommendation adopted, 2016 WL 4186943 (D. Minn. Aug. 8, 2016); Lourido-Vidal v. Fisher, No. 13-cv-600 (PJS/TNL), 2014 WL 2480164, at *1 (D. Minn. June 3, 2014).

[2] Petitioner's arguments are directed at seeking credit for the period of time from January 31, 2022, through March 29, 2022; but, at different points throughout his pleadings, Petitioner appears to argue that he is seeking credit for the period of time from January 31, 2022, through April 21, 2022. (See Petition [Docket No. 1] at 8). There is, however, no dispute

Prisons to reduce his federal sentence calculation by the number of days between January 31, 2022, and March 29, 2022. (Id.).

Before the Court considers the underlying merits of the present Petition, the Court must first, in light of Petitioner's release from the custody of the Bureau of Prisons, ensure that the present Petition has not become moot since the time Petitioner filed his Writ of Habeas Corpus, [Docket No. 1], with this Court. The issue of mootness must be resolved before the Court reaches the merits of Petitioner's claim.

Article III of the United States Constitution allows Federal Courts to adjudicate only actual, ongoing cases or controversies. See Am. United for Separation of Church and State v. Prison Fellowship Ministries, 509 F.3d 406, 420–21 (8th Cir. 2007); Powell v. McCormack, 395 U.S. 486, 497 (1969); Pitts v. Terrible Herbst, Inc., 653 F.3d 1081, 1086 (2011). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate," and "[w]hen an action no longer satisfies the case or controversy requirement, the action is moot and a federal court must dismiss the action." Potter v. Norwest Mortgage, Inc., 329 F.3d 608, 611 (8th Cir. 2003) (quotations omitted); see Roberts v. Norris, 415 F.3d 816, 819 (8th Cir. 2005); Arizonans for Official English v. Arizona, 520 U.S. 43, 45 (1997).

The ongoing case-or-controversy requirement is no longer met if an event occurs, during the course of the proceedings, which precludes the Court from granting any meaningful relief to the party who initiated the action. See In re Sec. Life Ins. Co. of Am., 228 F.3d 865, 869–70 (8th Cir. 2000) (citing In re Grand Jury Subpoenas Duces Tecum, 78 F.3d 1307, 1310 (8th Cir. 1996)). If it becomes impossible for the Court to provide any further redress for the claims that have been

---

regarding the time following March 29, 2022. (See BOP Sentence Computation [Docket No. 15-1] at 3). Petitioner's sentence was imposed on March 30, 2022, and therefore, March 30, 2022, has always been the date upon which the BOP's sentence computation began. (See Id.).

4

raised, the case must be dismissed as moot. See Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990).

This is not to say that a petitioner's release from custody automatically renders moot his habeas petition. If a petitioner is challenging his underlying criminal conviction, a writ of habeas corpus is not automatically mooted upon his release from custody because habeas relief could still serve the purpose of eliminating some of the "collateral consequences that attached to the conviction as a matter of law." Spencer v. Kenma, 523 U.S. 1, 9 (1998) (citing Carafas v. LaVallee, 391 U.S. 234, 237 (1968)). Such "collateral consequences" include restrictions on the right to engage in certain types of businesses or professions, the right to vote, the right to own a gun, and the right to serve on a jury. See Id. at 9. "However, a habeas petitioner cannot rely on the collateral consequences of his conviction to save his case from mootness if he is not actually challenging the validity of his conviction." Woodward v. Fondren, No. 8-cv-194 (ADM/JJK), 2008 WL 5214396, at *2 (D. Minn. Dec. 12, 2008).

In the present case, Petitioner is not challenging the validity of his conviction. (See Petition [Docket No. 1]). Rather, Petitioner is challenging only the length of his term of actual imprisonment based on the Bureau of Prisons' sentence computation. (See Id.).

As observed above, the present Petition seeks an Order of this Court requiring the Bureau of Prisons to reduce Petitioner's sentence computation by awarding Petitioner time credit for the period of time from January 31, 2022, through March 29, 2022. As observed above, however, Petitioner has already been released from the custody of the Bureau of Prisons. Petitioner was in fact released from the custody of the Bureau of Prisons after the Bureau updated Petitioner's

sentence calculation to award him credit for the period of time from January 31, 2022, through March 29, 2022.[3]

Even assuming solely for the sake of argument that this Court found Petitioner's claim to have merit, there is no longer any meaningful relief which this Court could provide. Petitioner sought the award of time credit for the period of time between January 31, 2022, and March 29, 2022; however, Petitioner has now received time credit for the period of time at issue. Moreover, Petitioner has already, in fact, been released from the custody of the Bureau of Prisons.

The present Petition has been rendered moot by the BOP's recalculation of Petitioner's sentence computation and Petitioner's release from his term of incarceration. Other Court have reached this same conclusion in circumstances materially similar to the present case. See, e.g., Alvarado-Ortiz v. FPC Yankton, No. 22-cv-206 (NEB/ECW), 2022 WL 4358112, at *2 (D. Minn. July 27, 2022), report and recommendation adopted, 2022 WL 4357544 (D. Minn. Sept. 20, 2022); Stegient v. Wilson, No. 3:20-cv-03523, 2021 WL 6339267, at *2 (N.D. Tex. Nov. 12, 2021), report and recommendation adopted, 2022 WL 93936 (N.D. Tex. Jan. 10, 2022); Huey v. United States, No. 20-cv-1538 (PAM/ECW), 2021 WL 1842283, at *2 (D. Minn. Apr. 19, 2021), report and recommendation adopted, 2021 WL 1840027 (D. Minn. May 7, 2021); Brown v. Segal, No. 22-cv-3183 (PAM/LIB), 2023 WL 4034599, at *2 (D. Minn. May 23, 2023), report and recommendation adopted, 2023 WL 4034423 (D. Minn. June 15, 2023); Tompkins v. Hawkins, No. 20-cv-3829, 2021 WL 3478213, at *2 (S.D. Tex. July 23, 2021); Doyle v. Yates, No. 2:23-cv-47, 2023 WL 4056491, at *1 (E.D. Ark. May 8, 2023), report and recommendation adopted, 2023 WL 4054675 (E.D. Ark. June 16, 2023); Craft v. Eischen, No. 22-cv-1897 (KMM/TNL), 2023 WL 3467231, at *3 (D. Minn. Apr. 17, 2023), report and recommendation adopted, 2023 WL 3455443 (D. Minn.

---

[3] The BOP's update to Petitioner's sentence computation occurred only two days after Petitioner filed the present Petition. (Ex. A [Docket No. 15-1] at 3) (providing that on October 13, 2022, Petitioner's sentence computation was updated to award Petitioner credit for the time period at issue).

May 15, 2023); Scheper v. Rios, No. 19-cv-402 (MJD/ECW), 2020 WL 4060729, at *2 (D. Minn. June 5, 2020), report and recommendation adopted, 2020 WL 4059875 (D. Minn. July 20, 2020).[4] Therefore, the present Petition is moot because there is no longer any live case or controversy to be resolved in the present case.

As the present Petition is now moot, the Court will not consider the merits of Petitioner's claims or render any opinion on those claims as any "[s]uch opinion would be merely advisory and is not permitted under Article III." Walton v. Holinka, No. 7-cv-2121 (MJD/FLN), 2008 WL 495523, at *1 (D. Minn. Feb. 21, 2008). "[A] federal court has no authority to give opinions upon moot questions or abstract proposition, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." Doe v. Nixon, 716 F.3d 1041, 1051 (8th Cir. 2013) (alteration in Doe).

### III. Conclusion

Therefore, based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Alford's Petition for a Writ of Habeas Corpus, [Docket No. 1], be **DENIED without prejudice as moot**.

Dated: July 5, 2023
          s/ Leo I. Brisbois
          Hon. Leo I. Brisbois
          U.S. MAGISTRATE JUDGE

---

[4] See also McClain v. Gasele, 12 F.3d 1102 (8th Cir. 1993); Jackson v. Marques, No. 18-cv-2679 (MJD/LIB), 2019 WL 2375384, at *2 (D. Minn. Apr. 23, 2019), report and recommendation adopted, 2019 WL 2369895 (D. Minn. June 5, 2019); Lourido-Vidal v. Fisher, No. 13-cv-600 (PJS/TNL), 2014 WL 2480164, at *2 (D. Minn. June 3, 2014); Howard v. Hendrix, No. 2:19-cv-113 (KGB/JTR), 2019 WL 10745050, at *2–3 (E.D. Ark. Nov. 5, 2019), report and recommendation adopted, 2020 WL 5775186 (E.D. Ark. Sept. 28, 2020); Miller v. United States, No. 13-cv-2586 (ADM/TNL), 2014 WL 2009022, at *2 (D. Minn. May 16, 2014).

## N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "[a] party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition." A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).